UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONEL PATTERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7564** |
| **KEITH COOLEY, ET AL.** | **SECTION: "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Lionel Patterson, a state prisoner, filed the instant *pro se* and *in forma pauperis* federal civil rights action against numerous defendants claiming that they are monitoring his thoughts and plan to kill him.[1] Along with his complaint, he also filed a motion for a preliminary injunction.[2] However, because his underlying contentions are clearly delusional, it is recommended that the request for a preliminary injunction be denied and that the complaint be dismissed as frivolous.

Where, as here, a prisoner files a complaint seeking redress from an officer or employee of a governmental entity, the Court is required to "dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A. Additionally, with respect to actions filed *in forma pauperis*, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

District courts have "broad discretion" in determining whether a complaint is frivolous. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995). In making that determination, the Court has

---

[1] Rec. Doc. 6. Only one of the defendants, Donna Johnson, appears to reside in this judicial district. The remaining defendants appear to reside in the Middle and Western Districts of Louisiana.
[2] Rec. Doc. 5.

"the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). The United States Supreme Court has explained that contentions are "clearly baseless" if they are "fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).

Plaintiff's contentions in this lawsuit clearly meet that definition. For example, he contends that the defendants implanted a device in his chin which allows them to intercept his thoughts, dreams, and communications.[3] Courts routinely consider such contentions so delusional as to warrant dismissal as frivolous. See, e.g., Dodson v. Haley, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and 'thought-processing devices'" in plaintiff's body to read his mail and monitor his food in order to tamper with it); Manco v. Does, 363 Fed. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio frequency device in his body to track his movements and thoughts"); Johnson v. Drug Enforcement Agency, 137 Fed. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted a transmitter in his scalp); see also Hale v. Federal Communications Commission, No. 15-CV-218, 2017 WL 2702251, at *3 (N.D. Okla. June 22, 2017); Simmons v. Beard, No. 3:13-0254, 2013 WL 2147811 (M.D. Pa. May 16, 2013); Thibeaux v. Cain, Civ. Action No. 11-cv-

---

[3] Rec. Doc. 6, pp. 7 and 10.

2

03348, 2012 WL 12949332 (D. Colo. Jan. 13, 2012), aff'd, 448 Fed. App'x 863 (10th Cir. 2012); Scott v. United States, No. 4:10CV248, 2010 WL 681306 (E.D. Mo. Feb. 22, 2010); McDowell v. Wilkinson County Correctional Facility, Civ. Action No. 5:08cv279, 2008 WL 5169632, at *1 and *8 (S.D. Miss. Dec. 3, 2008). Plaintiff further contends that the defendants are plotting to kill him in several ways, including, but not limited to, poisoning him with "insect killer, glue gel, glass [and] any kind of chemical possible."[4] Those types of contentions are likewise routinely found to be delusional and dismissed as frivolous. See, e.g., Johnson v. Dallas County Police Department, No. 3:14-CV-1378, 2014 WL 3778162, at *5 (N.D. Tex. July 31, 2014); Adams v. Henderson, No. 5:12-CV-321, 2012 WL 4928906, at *4 (M.D. Ga. Sept. 10, 2012), adopted, 2012 WL 4928959 (M.D. Ga. Oct. 16, 2012); Dorsey v. Fisher, No. 9:09-CV-1011, 2010 WL 2008966, at *14 (N.D.N.Y. May 19, 2010); Muhammed v. President of CIA in Illinois, Civ. Action No. 09-1643, 2009 WL 2762371 (D.D.C. Aug. 28, 2009); Pardue v. Dallas County Court System, No. 3:07-CV-1366, 2008 WL 90014, at *2 (N.D. Tex. Jan. 9, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for a preliminary injunction, Rec. Doc. 5, be **DENIED** and that his complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[4] Id. at p. 7.

result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninettenth day of September, 2017.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**